IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Amanda J. McGraw, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:22-cv-4635-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Volvo Car USA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Amanda J. McGraw's ("Plaintiff") amended complaint against her former employer, Defendant Volvo Car USA, LLC ("Defendant"), wherein she asserts the following claims:

(1) gender discrimination/disparate treatment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), based on the following actions:

(a) paying Plaintiff lower wages than her male counterparts;

(b) reducing her bonus potential while elevating the earning potential of similarly situated males;

( c) demoting Plaintiff;

(d) failing to continue to employ Plaintiff due to her gender; and

(e) constructively discharging Plaintiff due to her gender;

(2) hostile work environment in violation of Title VII;

(3) retaliation in violation of Title VII; and

(4) violation of the Equal Pay Act, 29 U.S.C. § 206, *et seq*

(ECF No. 12.)[1]

On March 2, 2023, Defendant filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 14.)

On October 31, 2023, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion to dismiss. (ECF No. 20.) Plaintiff filed objections to the Magistrate Judge's Report, and Defendant filed a response to Plaintiff's objections. (ECF Nos. 21 and 22.) For the reasons set forth below, the Court overrules Plaintiff's objections, adopts and specifically incorporates the Magistrate Judge's Report, and grants Defendant's motion to dismiss.

## STANDARDS OF REVIEW

### I.    Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content

---

[1] Plaintiff filed her initial complaint against Defendant on December 22, 2022, after which Defendant filed a motion to dismiss for failure to state a claim. (*See* ECF Nos. 1, 6.) Following Defendant's motion, the Magistrate Judge granted Plaintiff's request to file an amended complaint, and Plaintiff filed her amended complaint, which is the operative pleading, on February 16, 2023. (*See* ECF Nos. 11, 12.)

allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

**II.     The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

In her Report, the Magistrate Judge thoroughly outlined the allegations of Plaintiff's amended complaint, viewing all inferences in the light most favorable to Plaintiff, and no

party specifically objects to the Magistrate Judge's summary of Plaintiff's allegations. (*See* ECF No. 31 at 2-5.) After review, the Court finds no clear error and adopts this portion of the Magistrate Judge's Report, repeating herein only the facts necessary to address Plaintiff's objections.

**I.     The Magistrate Judge's Findings**

In her Report, the Magistrate Judge thoroughly and carefully considered each of Defendant's arguments in support of its motion, ultimately finding as follows:

(1) Plaintiff failed to exhaust her administrative remedies for her claims based on hostile work environment, retaliation, and constructive discharge;

(2) Plaintiff failed to timely exhaust her administrative remedies for her demotion/reduced bonus claim;

(3) Plaintiff's Title VII claim based on disparate pay is subject to dismissal based on both untimeliness and failure to state a claim;

(4) Plaintiff's Title VII hostile work environment claim is subject to dismissal for failure to state a claim (in addition to being subject to dismissal for failure to exhaust administrative remedies);

(5) Plaintiff's constructive discharge claim (underlying both her Title VII discrimination claim and her Title VII retaliation claim) is subject to dismissal for failure to state a claim (in addition to being subject to dismissal for failure to exhaust administrative remedies);

(6) Plaintiff's Title VII retaliation claim is subject to dismissal for failure to state a claim (in addition to being subject to dismissal for failure to exhaust administrative remedies); and

(7) Plaintiff's Equal Pay Act claim is subject to dismissal both because the claim based on the Senior Buyer position is time-barred and because Plaintiff fails to state an Equal Pay Act claim based on the Buyer position.

(*See* ECF No. 20 at 5-30.)

## II.    Plaintiff's Objections

In her objections, Plaintiff first objects to the Magistrate Judge's finding that Plaintiff failed to exhaust her administrative remedies as to her hostile work environment claim and her retaliation/constructive discharge claim (second and third causes of action).  In so objecting, however, Plaintiff does not point to any legal or factual error in the Magistrate Judge's analysis, but rather she "relies on her prior arguments that the language of the Charge is reasonably related to the allegations of the complaint."  (*See* ECF No. 21 at 1.) According to Plaintiff, "Defendant *undisputedly knew* that the Plaintiff attributed her separation from employment to a discriminatory action."  (*Id.* (emphasis in original)) Plaintiff further contends that, even if the Court finds in favor of the defense, she "should be entitled to a period of limited discovery, tailored to the issue of notice and prejudice, instead of an outright dismissal."  (*Id.* at 2.)

Next, Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to plead sufficient facts to support her disparate treatment/gender discrimination claim (first cause of action), citing various paragraphs of her amended complaint.  (*Id.*)

Plaintiff also asserts that the Magistrate Judge misread her Equal Pay Act claim because her fourth cause of action incorporated prior allegations in the amended complaint; accordingly, Plaintiff asserts that she specifically pleaded intentionality with respect to her Equal Pay Act claim.  Additionally, Plaintiff objects that her amended complaint *does* allege

5

sufficient facts that Plaintiff was required to do work of equal skill, effort, and responsibility in relation to her comparators to support her Equal Pay Act claim arising out of her time in the Buyer role. (*Id.*)

### III. The Court's Review

After review, the Court first notes that Plaintiff's objections lack the required specificity and largely rely on Plaintiff's prior arguments–arguments that the Magistrate Judge carefully considered and rejected. Furthermore, the Court notes that Plaintiff fails to object *at all* to a number of the Magistrate Judge's dispositive findings, such as her findings that: (1) Plaintiff's first cause of action for disparate treatment related to her bonus reduction and demotion is subject to dismissal for failure to exhaust administrative remedies; (2) Plaintiff's second cause of action for hostile work environment is subject to dismissal for failure to allege sufficient facts to state a claim upon which relief may be granted; (3) Plaintiff's third cause of action for retaliation/constructive discharge is subject to dismissal for failure to allege sufficient facts to state a claim upon which relief may be granted; and (4) Plaintiff's fourth cause of action under the Equal Pay Act, as to Plaintiff's Senior Buyer Position, is subject to dismissal for failure to identify a proper comparator and otherwise allege sufficient facts to state a claim. After review, the Court finds no clear error in the Magistrate Judge's thorough and detailed analysis on these points, and the Court adopts the same.

Furthermore, and more importantly perhaps, even giving Plaintiff every benefit and conducting a *de novo* review of **all** of the Magistrate Judge's findings, the Court finds that the Magistrate Judge carefully applied the correct legal principles, and the Court finds no

6

basis to deviate from the Magistrate Judge's well-reasoned analysis.

First, as the Magistrate Judge explained, Plaintiff's EEOC charge simply does not mention hostile work environment, harassment, retaliation, or constructive discharge; rather, it alleges only discriminatory promotion practices occurring during a one-day period and does not check the box for any continuing violation.[2] Although courts are to construe charges of discrimination liberally, courts are "not at liberty to read into administrative charges allegations they do not contain," which is essentially what Plaintiff asks this Court to do. *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013). *See also Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained

---

[2] Plaintiff's EEOC charge, which the Court can consider without converting the instant Rule 12(b)(6) motion into one for summary judgment because it is integral to and explicitly relied on by the complaint, indicates that the earliest date discrimination took place was April 30, 2021, and the latest date was also April 30, 2021. (ECF No. 14-1.) Plaintiff did not check the box on the Charge for "continuing action," and she indicated that her Charge was for discrimination based on sex and Equal Pay. Plaintiff further stated:

> I am employed by the above-named employer performing the duties of my position at a satisfactory level throughout my time with Respondent. I was a Senior Buyer seeking to transition to Direct Purchasing. I desired to switch to Direct Purchasing because there were no opportunities for my advancement within Indirect Purchasing, and I was looking to expand my skillset and make myself more marketable to the company. Members of management told me I was unable to do so from that position. I was told taking a demotion to buyer would allow me to transition to Direct Purchasing so I accepted (decreasing bonus). Subsequently, I have continued to be overlooked for promotion/opportunities as resolutions (such as clear, quantifiable indicators of performance for advancement) that were discussed with HR and management did not come to fruition prior to my maternity leave. The Respondent has and continues to transition/promote male employees from the Senior Buyer position to Direct Purchasing.
>
> The Respondent has provided no reasoning for the aforementioned.
>
> I believe I have been discriminated against because of my sex/female in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963; as amended - respectively.

(*Id.* at 2-3.)

in a subsequent Title VII lawsuit.") (quoting *Evans v. Technologies Apps. & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996).

Here, the Court agrees with the Magistrate Judge that the hostile work environment, retaliation, and constructive discharge claims are not reasonably related to the original charge, nor could they be expected to be developed by a reasonable investigation of the original charge.[3]  *See*, *e.g. O'Neal v. Wal-Mart Stores E. LP*, No. 4:11-CV-01239-TLW, 2012 WL 2264689, at *1 (D.S.C. Apr. 3, 2012), *report and recommendation adopted in part*, No. CIV.A. 4:11-1239-TLW, 2012 WL 2264435 (D.S.C. June 18, 2012) (citing *Malhotra v. KCI Techs., Inc.*, No. 06–1018, 2007 WL 2025197 (4th Cir. July 11, 2007) ("Where a charge alleges only disparate treatment discrimination, claims of hostile work environment harassment are not sufficiently related to the initial charge to entitle the charging party to raise them in a subsequent lawsuit."); *see also Chako*, 429 F.3d at 511 (explaining that "discrete acts of discrimination" such as "failure to promote and retaliatory demotion" are "clearly not allegations of a hostile work environment").

Next, the Court fully agrees with the Magistrate Judge that these claims are subject to dismissal *not only* for failure to exhaust administrative remedies *but also* for failure to allege sufficient facts to state plausible claims for relief, for all of the specific reasons set forth by the Magistrate Judge.  First, as to Plaintiff's hostile work environment claim, the Court finds that Plaintiff's amended complaint fails to allege facts sufficient to show that alleged unwelcome conduct based on her sex was severe or pervasive enough to make

---

[3]As the Magistrate Judge explained, it is clear from the allegations of Plaintiff's amended complaint that the alleged harassment and retaliation began *before* Plaintiff filed her Charge and did not occur as a result of her filing her Charge, such that Plaintiff's reliance on *Nealon v Stone*, 958 F.2d 584 (4th Cir. 1992), is misplaced.

8

her work environment hostile or abusive. As the Magistrate Judge explained, the Fourth Circuit has clearly indicated that "discrete acts of discrimination" such as "failure to promote and retaliatory demotion" are "clearly not allegations of a hostile work environment." *Chako*, 429 F.3d 505, 511 (4th Cir. 2005). Next, as to Plaintiff's constructive discharge claim, the Court fully agrees with the Magistrate Judge that Plaintiff's assertion that her "resignation was tantamount to constructive discharge," without any factual allegations in support, is merely a legal conclusion and is insufficient to state a plausible claim for relief. *See, e.g.*, *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 212 (4th Cir. 2019) ("Critically, difficult or unpleasant working conditions and denial of management positions, without more, are not so intolerable as to compel a reasonable person to resign."). Likewise, as to Plaintiff's retaliation claim, to the extent it is based on constructive discharge, because Plaintiff fails to state a claim for constructive discharge, the retaliation claim is also subject to dismissal for that reason as well.

As to Plaintiff's claims based on a demotion and the related reduced bonus opportunities, the Court agrees with the Magistrate Judge that it is clear from the facts alleged in Plaintiff's amended complaint that Plaintiff's EEOC charge was untimely, as Plaintiff's demotion and bonus reduction occurred on August 5, 2020, more than one year before she filed her EEOC charge on August 17, 2021. Thus, the Court finds these claims subject to dismissal.

Next, the Court agrees with the Magistrate Judge that although Plaintiff *did* exhaust her administrative remedies as to her disparate pay claim based on the Buyer position (as this claim is reasonably related to the contents of her EEOC charge), the claim is nevertheless subject to dismissal for failure to state a claim. Stated plainly, Plaintiff's

reliance upon comparators to give an inference of discrimination falls short because Plaintiff does not allege any facts from which to infer that Plaintiff received disparate pay after she moved to the position of Buyer in August of 2020. (*See* ECF No. 12 ¶¶ 14, 16.)

As to Plaintiff's Equal Pay Act claims, the Court also agrees with the Magistrate Judge that her claim based on the Senior Buyer Position is time-barred under the applicable two-year statute of limitations. Stated differently, despite Plaintiff's objection that she sufficiently alleges intentionality in connection with her other claims such that a three-year statute of limitations applies to her Equal Pay Act claim, the Court finds that the amended complaint lacks sufficient factual matter to give any meaning to the conclusory words "willful" or "intentional" in connection with her Equal Pay Act claim.

Nevertheless, even overlooking the timeliness of Plaintiff's Equal Pay Act claim for the sake of argument, the Court also finds that Plaintiff's Equal Pay Act claim is subject to dismissal for failure to state a plausible claim (as to any buyer position) because the allegations of the amended complaint simply do not meet the demanding standards for alleging proper comparators. To state a claim for relief under the EPA, a plaintiff must plead facts showing that: (1) the employer paid higher wages to an employee of the opposite sex who (2) performed equal work on jobs requiring equal skill, effort, and responsibility (3) under similar working conditions. *See Hinton v. Virginia Union Univ.*, 185 F. Supp. 3d 807, 841-42 (E.D. Va. 2016); *Spencer v. Virginia State Univ.*, 919 F.3d 199, 203 (4th Cir. 2019), *as amended* (Mar. 26, 2019) (citing *EEOC v. Maryland Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018); *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)). As the Magistrate Judge explained, "[a]lthough Plaintiff identifies by name three male comparators and states that all three 'had equal or lesser experience' when they received

higher starting wages than Plaintiff in September 2019, [ ] Plaintiff does not allege any other facts regarding any of these men, including their respective job duties, working conditions, skills, or responsibilities in their positions." (ECF No. 20 at 28. (citing, among other cases, *Bailey v. SC Dep't of Corr.*, No. CV 3:17-3500-TLW-KDW, 2018 WL 2144548, at *7 (D.S.C. Feb. 23, 2018)).) Accordingly, the Court finds Plaintiff's Equal Protection Act claim subject to dismissal for this reason as well.

Lastly, and because Plaintiff's claims are subject to dismissal for all of the aforementioned reasons, the Court finds no reason to grant Plaintiff's unsupported request for limited discovery on the issue of notice and prejudice.

## CONCLUSION

Based on the foregoing, the Court hereby **adopts** and **specifically incorporates** the Magistrate Judge's Report (ECF No. 20); the Court **overrules** Plaintiff's objections (ECF No. 21); and the Court **grants** Defendant's motion to dismiss (ECF No. 14).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 6, 2024
Charleston, South Carolina